CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 10 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK


CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 10 2013

JULIA C. DUDLEY, CLERK
BY: /s/
      DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| ROBERT DANA BENDER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> INSIGHT HEALTH CORP. *et al.*, ) <br> ) <br> Defendants. ) | Civil Action No. 7:13cv00157 |
| ODESSA M. SHUCK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> INSIGHT HEALTH CORP. *et al.*, ) <br> ) <br> Defendants. ) | Civil Action No. 7:13cv00158 |
| ROSE M. WHITE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> INSIGHT HEALTH CORP. *et al.*, ) <br> ) <br> Defendants. ) | Civil Action No. 7:13cv00159 <br><br> **MEMORANDUM OPINION** <br><br> By: Samuel G. Wilson <br> United States District Judge |

The plaintiffs in these three separate civil actions originally filed their claims in the Circuit Court for the City of Roanoke against Insight Health Corp. ("IHC"), IHC physicians, and Image Guided Pain Management. Just as in <u>Wingate v. Insight Health Corp.</u>, 7:13cv00142 (W.D. Va. May 10, 2013), the plaintiffs' state-court complaints allege that the defendants acted negligently, fraudulently, and in violation of the Virginia Consumer Protection Act by obtaining

contaminated methylprednisolone acetate (an injectable steroid commonly used to treat swelling and pain) from the New England Compounding Center ("NECC") and administering it via injections that caused fungal meningitis. After the plaintiffs filed their complaints in state court, IHC removed the actions to federal court based on the claims' purported relation to NECC's ongoing Chapter 11 bankruptcy in the District of Massachusetts. Each plaintiff has filed a motion to remand his or her cause of action to state court, each arguing that IHC's removal petition was jurisdictionally deficient. Failing that, they argue, the court should abstain from exercising related-to jurisdiction, or should remand the action on equitable grounds. IHC's codefendants, Dr. John Mathis, Dr. Robert O'Brien, and Image Guided Pain Management, have joined in the plaintiffs' motions. As in Wingate v. Insight Health Corp., the court assumes without deciding that it has related-to jurisdiction over these matters but, essentially for the reasons the court stated in Wingate, the court abstains from hearing these matters pursuant to the mandatory abstention provision in 28 U.S.C. § 1334(c)(2)[1] and also remands them on equitable grounds pursuant to 28 U.S.C. § 1452(b). Accordingly, the court grants the plaintiffs' motions to remand.

**ENTER**: May 10, 2013.

_____
UNITED STATES DISTRICT JUDGE

---

[1] All indications are that the state court will timely adjudicate these matters, along with Wingate v. Insight Health Corp.. In any event, the "correct inquiry is not where litigation would move the fastest, but whether it can be timely adjudicated in state court at all." Power Plant Entm't Casino Resort Ind., LLC v. Mangano, 484 B.R. 290, 297 (D. Md. 2012). Plaintiffs' counsel represented during oral argument that the parties had conducted a lengthy conference with the state judge and had formulated a plan in which the court would use Wingate as the lead case to address the legal and factual issues and would consolidate the rest of the cases for discovery. The affidavits and other filings in these cases show that the state proceedings were moving quickly and that the state judge had made clear his intention to move the cases forward and had even entered partial summary judgment in a number of them. In fact, it appears that the only thing impeding timely adjudication on the merits is this detour to federal court.